UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RALPH ALVARADO, M.D., COMMISSIONER, TENNESSEE DEPARTMENT OF HEALTH, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:25-cv-00580 ) |
| JOSEPH PETERS, d/b/a SPOOKY'S PIZZA AND GRILL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Notice of Removal of this case from the Davidson County Chancery Court (Doc. No. 1) filed by the pro se defendant, Joseph Peters. Defendant paid the civil filing fee. (See Doc. No. 1-9). Along with the Notice of Removal, Defendant filed the record of proceedings before the Davidson County Chancery Court (Doc. Nos. 1-2 through 1-8) and exhibits including a document labeled "Fee Schedule and Notice of Claim" and a document labeled "Judicial Notice on Private Membership Associations (PMAs)." (Doc. No. 1-1 at PageID # 14–16). Defendant also filed an Emergency Motion for Temporary Injunctive Relief. (Doc. No. 2).

Though the filing fee has been paid, the case cannot proceed unless the Court is assured of its subject-matter jurisdiction under the removal statutes, 28 U.S.C. § 1441 et seq. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As explained below, the Court finds that it lacks jurisdiction and that the matter must be summarily remanded to the Davidson County Chancery

Court.

## I. FACTS

As reflected on the face of Defendant's Notice of Removal, the action against him was filed in the Chancery Court on October 24, 2024. (Doc. No. 1 at 1). On that date, the Commissioner of the Tennessee Department of Health, Ralph Alvarado, M.D. ("Plaintiff"), filed a Verified Complaint for Injunctive Relief seeking to enjoin Defendant's continued operation of Spooky's Pizza and Grill ("Spooky's") on Lebanon Road in Murfreesboro, Tennessee. The Verified Complaint was in response to Defendant's failure to comply with a demand to renew the Spooky's food service establishment permit with the State, which had expired on June 30, 2024. (Doc. No. 1-3 at PageID # 152–55). Defendant resisted the permit-renewal process on grounds that Spooky's had "transitioned from a public business to a Private Membership Association," and thus was no longer "subject to the regulations and requirements imposed on public businesses by the Tennessee Department of Health." (Doc. No. 1-4 at PageID # 246). When Spooky's continued to operate without the required permit, Plaintiff filed suit in the Chancery Court, asserting a single cause of action: violation of the Tennessee Food Safety Act, Tenn. Code Ann. §§ 68-14-706 et seq. (Doc. No. 1-3 at PageID # 159).

On October 30, 2024, the Chancery Court entered an Order for Temporary Injunction (Doc. No. 1-2 at PageID # 32–34, 49–51) "prohibiting Defendant from owning, operating, managing, or participating in the operation or management of the food service establishment, Spooky's Pizza and Grill . . . without a permit issued by the Department." (Doc. No. 1-5 at PageID # 378). Defendant disregarded the injunctive order and was ultimately charged with criminal contempt. After a hearing on May 14, 2025, at which Defendant appeared pro se, the Chancery Court found that he willfully disobeyed the court's injunctive order and carried on operating Spooky's without

2

a valid permit because, according to Defendant, "the restaurant was a different entity"—"a 'private member association.'" (Doc. No. 1-5 at PageID # 381). Defendant admitted at the hearing that he had received the Order for Temporary Injunction "and had the ability to comply but intentionally failed to do so," on grounds that his restaurant was no longer a public entity subject to state regulation. (Id.). Accordingly, on May 21, 2025, the Chancery Court found Defendant guilty of one count of criminal contempt on each of 26 occasions when Tennessee Department of Health staff visited the site and found Spooky's in operation. (Id.). The Chancery Court sentenced Defendant to serve time in jail and pay a fine for each instance of criminal contempt, but stayed the sentence of confinement "if, within forty-eight (48) hours of entry of this Order, Defendant obtains a valid permit from the Tennessee Department of Health for the time frame of July 1, 2024, through June 30, 2025, and pays all associated late fees and penalties as determined by the Department of Health." (Id. at PageID # 382).

The next day, May 22, 2025, Defendant removed the matter to this Court.

## II. ANALYSIS

The Notice of Removal states that it is filed "pursuant to 28 U.S.C. § 1441 and § 1446." (Doc. No. 1 at PageID # 1; see also id. at PageID # 2 (citing § 1446(a)), 3 (citing § 1441)). These statutes provide for removal of civil actions. Section 1441 provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One basis for the exercise of original jurisdiction in federal court is "where the amount in controversy between the parties exceeds $75,000, and where there is 'complete diversity' between the parties—meaning the parties are citizens of different states." Miller v. Bruenger, 949 F.3d 986, 990 (6th Cir. 2020) (citing 28 U.S.C. § 1332). The Verified Complaint filed in Chancery Court does not involve parties from different states. The other basis for original

jurisdiction in federal court, and for removal under Section 1441, is where the action includes "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A). Accordingly, for removal to be justified, Defendant must demonstrate that this Court would have original jurisdiction arising under federal law to adjudicate the claims of the Verified Complaint.

As mentioned above, the Verified Complaint does not involve or implicate any federal question, but only invokes the Tennessee Food Safety Act, Tenn. Code Ann. §§ 68-14-706 et seq. (Doc. No. 1-3 at PageID # 159). Although Defendant relies on Section 1331 (providing for federal-question jurisdiction) in his notice to Plaintiff of the removal (Doc. No. 1-1 at PageID# 4), he does not appear to have asserted any federal rights in defense of the state-law claim Plaintiff asserts, nor could any such defense render the removal proper where "the complaint does not affirmatively allege a federal claim." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003). Indeed, it was only after entry of the criminal contempt order against him—more than seven months after the Verified Complaint was filed, and thus egregiously past the 30 days within which removal of a civil action is procedurally proper, see 28 U.S.C. § 1446(b)(1)—that Defendant sought to remove this civil case. But that removal under Section 1441 and 1446 was improper, as this Court lacks original jurisdiction over the Verified Complaint, which was lodged to enforce state law requiring a food service establishment to have a valid permit issued by the state Department of Health, without giving rise to any federal question.

Even if the Court were to liberally construe the Notice of Removal as seeking to remove the criminal contempt component of the Chancery Court action, based on Defendant's allegation that the contempt order was issued "in retaliation for [his] refusal to obtain a state food service permit in violation of his religious beliefs, contract rights, and freedom of association" (Doc. No.

4

Case 3:25-cv-00580    Document 6    Filed 05/28/25    Page 4 of 5 PageID #: 738

2 at PageID# 728), the removal would not be proper. Criminal cases against private citizens such as Defendant (that is, citizens who are not federal officers or individuals being prosecuted for assisting such officers, see 28 U.S.C. §§ 1441(2), 1442, or members of the U.S. armed forces, see id. § 1442a) "can only be removed to federal court if they comply with the requirements of 28 U.S.C. § 1443(1)," which requires "depriv[ation] of a right secured by a federal law that specifically deals with racial equality." Cook Cnty. State's Att'y ex rel., Devine v. Tyler, No. 07 C 1393, 2007 WL 1232082, at *1–2 (N.D. Ill. Apr. 24, 2007) (citing Johnson v. Mississippi, 421 U.S. 213, 219 (1975)). See also Oregon v. Strasser, No. 3:20-CV-01742-SI, 2020 WL 5994999, at *2 (D. Or. Oct. 9, 2020). There is no hint in this case that Defendant's assertion of civil rights in the wake of his criminal contempt conviction is based on a claim of racial inequality.

### III. CONCLUSION

For the reasons discussed above, the Court finds that it lacks jurisdiction over this removed action. Pursuant to 28 U.S.C. § 1447(c), the action is **REMANDED** to the Chancery Court for the State of Tennessee, Twentieth Judicial District, Davidson County. Defendant's Emergency Motion for Temporary Injunctive Relief (Doc. No. 2) is **DENIED**.

As required by Section 1447(c), the Clerk **SHALL** mail a certified copy of this Memorandum Opinion and Order to the Chancery Court Clerk.

This case in this court is closed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE